UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROSLIND G. MARTIN,

    Plaintiff,                                             CASE NO:

v.

MIAMI-DADE COUNTY
PUBLIC SCHOOLS,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, ROSLIND MARTIN (Martin), sues defendant, MIAMI-DADE COUNTY PUBLIC SCHOOLS, and alleges:

### JURISDICTION AND VENUE

1. MARTIN brings this action pursuant to the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq, 42 U.S.C. 1983; the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621 *et seq* (ADEA); the Florida Civil Rights Act, 760.10 Florida Statutes, *et seq*. (FCRA), and the Florida Common Law.

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sec. 1331, 28 U.S.C. 1332, 28 U.S.C. Sec. 1343(3) and 4 and 28 U.S.C. Sec. 1367. The jurisdiction of the court is further invoked to secure protection for and redress the deprivation of rights protected by Title VII, 42 U.S.C. Sec. 1983, The ADEA as well as the FCRA.

3. Venue is proper under 28 U.S.C. 1391(b) because the acts complained of by Martin occurred within this judicial district and because the Miami-Dade County Public Schools has its principal business in this judicial district.

1

## PARTIES

4. Martin is a female who resides in Miami-Dade County and is a resident of the city of Miami.

5. Martin at all times relevant was an employee of the Miami-Dade County Public Schools as defined by Title VII, the ADEA and applicable Florida law.

6. Martin at all times material hereto was an aggrieved person as defined by the FCRA, Fla. Stat. 760.10.

7. Defendant MIAMI-DADE COUNTY PUBLIC SCHOOLS is governmental agency providing educational opportunities to county residents and has created the MIAMI DADE SCHOOLS POLICE DEPARTMENT for security and protection to the Miami Dade County Public Schools within the county and is a political subdivision of the county.

8. At al times relevant and material, Miami Dade Schools Police Department employed more then15 employees and was Martin's employer within the meaning of Title VII, as amended, 42 U.S.C. 2000(a) to (b); and the ADEA and F. S. 760.02(7).

## PROCEURAL REQUIREMENTS

9. Martin timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against the Miami Dade County Public Schools alleging discrimination based upon her age. See Exhibit A

10. On or about November 26, 2019 the EEOC issued a Right to Sue letter for the charge of discrimination. The instant action is being filed within 90 days from receipt of the right to sue letter. See Exhibit B.

11. All conditions precedent have been satisfied, waived or excused before filing this lawsuit.

12. Plaintiff is a police officer who retired from the Miami-Dade police department in 2002.

## GENERAL ALLEGATIONS

13. Martin is a black female nearly 60 years old.

14. Martin has a master's degree and retired from the Miami-Dade Police Department in 2002.

15. In 2019 the defendant school board caused to be advertised openings for police officers to work in the school system and specifically identified retired officers as candidates for the new positions.

16. The plaintiff was hired by the defendant School Board to work as a police officer in May of 2019.

17. The plaintiff met all the academic and physical requirements for the job prior to being hired.

18. During training the plaintiff was active and attentive to her new job and supervisors.

19. However, on several occasions Sergeant Charlee, and other supervisors mocked and humiliated the plaintiff about her age.

20. Sergeant Charlee focused on Plaintiff and constantly referred to her as old and a member of AARP.

21. During physical calisthenic, Sgt. Charlee told plaintiff to go home because she was too old, and she should quit.

22. During fitness training runs the plaintiff was called old and a senior citizen who should quit the police department.

23. Martin's performance was commensurate with age appropriate guidelines, and was not out of line with younger employees, or otherwise disqualifying.

24. The plaintiff was told to report to the office on or about June 20, 2019 and asked to pack her things.

25. When plaintiff reported to the office, she was told by her superiors, Sergeant Charlee and Major Arrebola, to quit the job due to her age. When plaintiff refused to resign, she was fired.

26. Younger workers were not called old, and disparaged about their age, and even though similarly situated they were not asked to resign, nor fired.

## COUNT I: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 BY DEFENDANT – AGE DISCRIMINATION

27. Martin adopts and incorporates by reference the allegations in paragraphs 1-26 of this complaint.

28. At all times material hereto, Defendant failed to comply with FCRA, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with the right to compensation, terms, conditions, or privileges of employment because of such individual's race color religion sex national origin, age, handicap or marital status."

29. At the time of the adverse action of termination, plaintiff was 59 years old and part of a protected class of citizens over 40 years.

30. At all times material, Martin was qualified to perform her duties as a police officer for the schools

31. During the course of Martin's employment with the defendant, she was subjected to discriminatory, hostile and offensive work environment because of her age as more fully described above.

32. The discriminatory conduct referred to in this complaint is and was offensive to Martin and would be offensive to a reasonable person.

4

33. Martin was subjected to this conduct because she was nearly 60 years old at the time.

34. Similarly situated employees were not subjected to the conduct which harassed Martin.

35. The defendant violated the Florida Civil Rights Act by discriminating against Martin because of her age in the terms, conditions and privileges of her employment.

36. As a direct and proximate result of the defendant's conduct, Martin has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

37. Any alleged nondiscriminatory reason for this treatment of Martin by Defendant is a mere pretext for the actual reason for discriminating against her based on her age.

38. The defendant's actions were malicious and were recklessly indifferent to Martin's rights pursuant to F. S. 760.10.

39. The aforementioned actions of the defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

WHEREFORE, Martin prays that this court will:

a. Declare that the acts complained of herein are in violation of the FCRA.

b. Award Martin compensatory damages for emotional distress, embarrassment and humiliation.

c. Order the defendant to make Martin whole by compensating her for lost wages, benefits, including front pay, back pay and prejudgment interest.

d. For monetary judgment representing prejudgment interest.

e. Award of other compensation allowed by law including attorney's fees (F.S 448.104).

f. Grant Martin costs of this action, including reasonable attorney's fees.

g. Grant such other and further relief as the court deems just and proper.

## COUNT II: VIOLATION OF THE ADEA BY DEFENDANT- AGE DISCRIMINATION

40. Martin adopts and incorporates by reference the allegations in paragraphs 1-26 of this complaint.

41. At all times material to this action, defendant engaged in unlawful discrimination against Martin due to her age in violation of the ADEA.

42. Martin is over 40 years old and is within the protected class.

43. Martin was qualified to perform his job as an officer in the public schools.

44. The defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Martin differently than similarly situated younger employees in terms of conditions of her employment by, inter alia, subjecting Martin to Sergeant Charlee's harassing, and offensive conduct and terminating Martin due to her age.

45. The effect of the practices complained of has been to deprive Martin of equal employment opportunities, specifically her employment, because of her age.

46. As a direct and proximate result of intentional violations by the defendant, Martin has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the defendant Martin has been and is being and will be in the future, deprived of income in the form of wages and prospective benefits solely because of the defendant's conduct.

WHEREFORE, Martin prays that this court will:

h. Declare that the acts complained of herein are in violation of the ADEA.

i. Award Martin compensatory damages for emotional distress, embarrassment and humiliation.

    j. Award Martin actual damages suffered to make Martin whole by compensating her for lost wages, benefits, including front pay, back pay and prejudgment interest.

    k. Award Martin prejudgment interest on her damages award.

    l. Award of other compensation allowed by ADEA including attorney's fees.

    m. Grant Martin costs of this action, including reasonable attorney's fees.

    n. Grant such other and further relief as the court deems just and proper.

Dated March 16, 2020.

    /s/ William C. Robinson
    WILLIAM C. ROBINSON, ESQUIRE
    FL Bar No.: 386847
    Attorney for Plaintiff
    P.O. Box 610575
    North Miami, FL 33261
    Tel: (305)454-9632; Fax: (786)520-3972
    Email: wcrpleadings@gmail.com